# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN T. LLOYD,
  Appellant,

v.

DEPARTMENT OF THE ARMY,
  Agency.

DOCKET NUMBER
DE-0752-16-0247-I-1

DATE: August 2, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John T. Lloyd, Colorado Springs, Colorado, pro se.

Daniel Dougherty, Colorado Springs, Colorado, for the agency.

James D. Bush, Peterson Air Force Base, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which sustained his indefinite suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the administrative judge's analysis of the appellant's due process claim, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant served as the Program Director of the Special Mission Office at the agency's Peterson Air Force Base. Initial Appeal File (IAF), Tab 5 at 42. The position required that he maintain a top secret security clearance. *Id.* at 329. On August 20, 2015, the agency suspended the appellant's access to classified information and placed him on administrative leave. *Id.* at 40. Based on that suspension, the agency proposed the appellant's indefinite suspension from duty without pay on January 4, 2016. *Id.* at 38. The appellant responded both orally and in writing to the proposal notice, and the deciding official sustained the action, effective March 1, 2016. *Id.* at 21-26. This appeal followed. IAF, Tab 1.

¶3 After determining that the requested hearing was unnecessary, the administrative judge issued an initial decision affirming the indefinite suspension. IAF, Tab 15, Initial Decision (ID) at 1-2. He found that: the appellant's position required him to hold a valid security clearance; the agency afforded him minimum due process in the imposition of the indefinite suspension and the

suspension of his access to classified information; the agency identified the conditions subsequent for the termination of the appellant's indefinite suspension; and the appellant failed to prove his harmful procedural error claim. ID at 3-7.

¶4    The appellant has filed a petition for review challenging the administrative judge's finding that the agency afforded him minimum due process in the suspension of his access to classified information. Petition for Review (PFR) File, Tab 3. The agency has responded in opposition, and the appellant has replied to the agency's response. PFR File, Tabs 5-6.

¶5    In the initial decision, the administrative judge stated that the minimal due process to be afforded the appellant here included sufficient notice of the reasons for the suspension of his access to classified information and the opportunity to make an informed reply. ID at 2-3. Our reviewing court, however, has clarified the Board's line of cases on which the administrative judge relied, finding that, because an employee has no property interest in a security clearance, an agency is not obliged as a matter of constitutional due process to notify the employee of the specific reasons for the suspension of his clearance. *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1185-86 (Fed. Cir. 2013); *see Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 25 (2014). Rather, for purposes of due process, it is sufficient for an agency to inform the employee that his position required a security clearance and that he can no longer hold his position once he lost his clearance. *Buelna*, 121 M.S.P.R. 262, ¶ 25. Here, the agency provided the appellant with this information, and we find no due process violation. IAF, Tab 5 at 38-40.

¶6    Separate from constitutional due process, the Board will reverse an indefinite suspension based on the suspension of a security clearance if an appellant is able to prove harmful procedural error. *Buelna*, 121 M.S.P.R. 262, ¶ 33; 5 C.F.R. § 1201.56(c)(1). To do so, an appellant must prove that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have

reached in the absence or cure of the error. *Buelna*, 121 M.S.P.R. 262, ¶ 33; 5 C.F.R. § 1201.4(r). The appellant argued below that the agency committed harmful procedural error when it failed to follow Department of Defense Regulation 5200.2-R and Department of the Army Regulation 380-67. IAF, Tab 13 at 4-8. The administrative judge found that the appellant failed to prove this claim, ID at 4-6, the appellant does not challenge this finding on review, and we discern no basis to disturb it.

¶7      In addition, pursuant to the statutory requirement of 5 U.S.C. § 7513(e), an employee facing an adverse action must be notified of the specific reasons for a proposed adverse action. *Buelna*, 121 M.S.P.R. 262, ¶ 25. In the context of an indefinite suspension based on the suspension of a security clearance, section 7513 requires that the appellant be provided sufficient information to make an informed reply, including a statement of the reasons for the clearance suspension. *Id.*, ¶ 34.

¶8      In this case, the agency's proposal to indefinitely suspend the appellant informed him that his access to classified information was suspended "due to the circumstances from the on-going [sic] G32 investigation into the allegations of the improper storage and control of classified material." IAF, Tab 5 at 38. Despite the appellant's claims to the contrary, we find that the agency provided him with sufficient information to make an informed reply to the proposed indefinite suspension, including the reasons for the clearance suspension, and that the requirements of section 7513 were satisfied. *See King v. Alston*, 75 F.3d 657, 662 (Fed. Cir. 1996) (finding that the agency provided an employee with sufficient information to make an informed reply when it notified him that his security clearance was being suspended because of "a potential medical condition" and then informed him that he was being indefinitely suspended from duty based on the suspension of his security clearance); *Buelna*, 121 M.S.P.R. 262, ¶ 34 (finding that the notice suspending an appellant's security clearance, coupled with the notice proposing his indefinite suspension, adequately informed

him of the basis for the suspension of his security clearance, i.e., alleged fraudulent claims); *cf. Cheney v. Department of Justice*, [479 F.3d 1343](), 1353 (Fed. Cir. 2007) (finding that an employee was not provided with the opportunity to make a meaningful response to the notice of proposed suspension when he had to guess at the reasons for his security clearance suspension).

¶9    In his petition for review, the appellant asserts that the agency has favorably adjudicated his security clearance and that he was returned to paid status on May 26, 2016.  PFR File, Tab 3 at 7.  This information does not change our analysis.  *See Buelna*, [121 M.S.P.R. 262](), ¶ 23 (finding that the suspension of a security clearance may serve as a basis for imposing an indefinite suspension even when the agency ultimately determines that the facts warrant restoration of the clearance).  He also asserts that, as of the filing of his petition for review, the agency had not yet restored him to his previous position.  PFR File, Tab 3 at 7-8.  To the extent the appellant is requesting the Board to order his reinstatement, such a request is outside the scope of our authority given he did not prevail in his appeal.  *Cf. Ulep v. Department of the Army*, [120 M.S.P.R. 579](), ¶ 4 (2014) (ordering the cancelation of the appellant's indefinite suspension and his retroactive restoration when he proved his harmful procedural error claim and the Board reversed the agency's action).

¶10    Accordingly, we affirm the initial decision as modified herein sustaining the appellant's indefinite suspension.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  [5 C.F.R. § 1201.113]().  You may obtain review of this final decision.  [5 U.S.C. § 7703]()(a)(1).  By statute, the nature of

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                      /s/ for
_____
                                                         Jennifer Everling
                                                         Acting Clerk of the Board
Washington, D.C.